

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 12, 2020

**BY ECF AND EMAIL**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Robert Farkas,* **18 Cr. 340 (LGS)**

Dear Judge Schofield:

The Government and counsel for defendant Robert Farkas respectfully submit this letter in connection with the Court's June 9, 2020 Order (Dkt. 342) directing the parties to promptly schedule a change of plea hearing with the Magistrate Judge on duty. Farkas is currently scheduled to plead guilty before the Honorable James L. Cott, United States Magistrate Judge, the week of June 15, 2020,[1] and wishes to appear at the plea hearing remotely. For the reasons set forth below, the parties respectfully request that the Court enter the attached order allowing Farkas's plea proceeding to proceed remotely.

Pursuant to Section 15002 et seq. of the Coronavirus Aid, Relief, and Economic Securities Act ("CARES Act"), plea proceedings may proceed by video teleconference, or telephone conference if video teleconferencing is not reasonably available, with the consent of the defendant and a finding by the district court judge that further delay of the proceeding will result in serious harm to the interests of justice. *See* H.R. 748, Section 15002 et seq., P.L. 116-136, signed into law on March 27, 2020 (noting that if "the district judge in a particular case finds for specific reasons that the plea . . . in that case cannot be further delayed without serious harm to the interests of justice, the plea . . . may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available"); *see also* Southern District of New York Standing Order, 20 MC 176, March 30, 2020.

The parties jointly agree and respectfully submit that the victims' interests in advancing their ability to obtain a restitution order and the Government's interest in advancing its ability to forfeit seized assets are "specific reasons," within the meaning of Section 15002 et seq. of the CARES Act, sufficient to proceed with a video teleconference or telephone conference for Farkas's change of plea proceeding. The parties agree that, as a result, the plea proceeding in this

---

[1] The parties are awaiting confirmation of a date and time for the proceeding.

Honorable Lorna G. Schofield
June 12, 2020
Page 2 of 2

case cannot be further delayed without serious harm to the interests of justice and should proceed remotely. Farkas, who resides in Florida, suffers from Lyme disease, and is concerned about possible COVID-19 complications, requests a remote plea proceeding due to the risk to him and the public that his travel by airplane would pose during the coronavirus COVID-19 pandemic. In addition, the Government understands that Judge Cott will hear the defendant's plea by telephone conference because videoconferencing is not reasonably available.[2]

Accordingly, the parties respectfully request that the Court enter the attached order allowing Farkas's plea proceeding to proceed remotely by telephone conference pursuant to the CARES Act.

Respectfully submitted,

CRAIG STEWART
Attorney for the United States
Acting Under 28 U.S.C. § 515

By:   /s/Negar Tekeei
Negar Tekeei / Samson Enzer / Daniel Loss
Assistant United States Attorneys
(212) 637-2482 / -2342 / -6527

cc:   All counsel (via ECF)

---

[2] The Government understands, from the Magistrate Court's deputy, that video is reserved for new presentments and matters that have been scheduled with the Metropolitan Correctional Center and the Metropolitan Detention Center, and that, in such instances, only Judge Cott and the defendant would have access to video while all other participants would participate by telephone conference.