# In The Matter Of:
*UNITED STATES OF AMERICA, v.*
*ROBERT FARKAS, a/k/a*

*June 16, 2020*

*Southern District Court Reporters*

Original File K6GLFARP.txt
**Min-U-Script® with Word Index**

K6GLFARP                                                                                  Page 1

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,
 4              v.                               18 Cr. 340 (LGS)
 5   ROBERT FARKAS, a/k/a "Bob"
     a/k/a "RJ",
 6                                               Plea (Teleconference)
                Defendant.
 7   ------------------------------x
 8                                               New York, N.Y.
                                                 June 16, 2020
 9                                               10:00 a.m.
10
11   Before:
12                      HON. JAMES L. COTT,
13                                              Magistrate Judge
14                           APPEARANCES
15   GEOFFREY S. BERMAN
          United States Attorney for the
16        Southern District of New York
     SAMSON AARON ENZER
17   NEGAR TEKEEI
     DANIEL LOSS
18        Assistant United States Attorneys
19
          Attorneys for Defendant
20   PAUL DOMENIC PETRUZZI
     BRIAN EDWARD KLEIN
21   SANFORD N. TALKIN
22
23
24
25
```

K6GLFARP                                                                                  Page 2

 1         THE COURT: All right. You want to call the case
 2   then?
 3         DEPUTY CLERK: Yes.
 4         (Case called)
 5         MR. ENZER: Good morning, your Honor.
 6     This is Samson Enzer, for the government. And here
 7   with me is Negar Tekeei and Daniel Loss from the government, as
 8   well as FBI Special Agents Brandon Raz and Kristen Alaine
 9   (phonetic.)
10         THE COURT: Good morning to all of you.
11         MR. PETRUZZI: Good morning, your Honor. Paul
12   Petruzzi, counsel for Robert Farkas. Mr. Farkas is present
13   with me in my office. I'll be conducting the change of plea
14   hearing, but we also have cocounsel on line as well.
15         THE COURT: You want to identify the cocounsel please?
16         MR. KLEIN: Brian Klein, also for Mr. Farkas.
17         MR. TALKIN: And good morning, your Honor, Sam Talkin,
18   also for Mr. Farkas.
19         THE COURT: All right. Good morning to all counsel
20   and good morning, Mr. Farkas.
21         THE DEFENDANT: Good morning, your Honor.
22         THE COURT: Mr. Farkas, have you been able to hear and
23   understand everything so far?
24         THE DEFENDANT: Yes, your Honor.
25         THE COURT: All right. If at any time you can't hear

K6GLFARP                                                                                  Page 3

 1   either me or anyone else who may be talking during this
 2   proceeding, please let me know because it's very important
 3   obviously that you hear and understand everything.
 4         And also if at any time you wish to consult with Mr.
 5   Petruzzi privately, will you please let me know that as well?
 6         THE DEFENDANT: Yes. Thank you, your Honor.
 7         THE COURT: All right. Now, I note for the record
 8   that all parties are appearing by telephone, so before any
 9   person speaks, please be sure to identify yourself by name so
10   that the court reporter properly identifies you on the
11   transcript, because a transcript of this proceeding will be
12   made and at some point and transmitted to Judge Schofield,
13   who's the district judge assigned to this case.
14         I should also say preliminarily, that our
15   teleconference line is also open to the public and press on a
16   listen-only basis. And if you are a member of the public or
17   the press, I ask that you mute your line and keep it on mute.
18   And also please be aware that any recording or dissemination of
19   the audio of these proceedings is prohibited.
20         Let me make certain findings at the outset, given that
21   we are proceeding telephonically. As everyone knows, we're in
22   the midst of the COVID-19 pandemic. And as a result, I'm
23   conducting this proceeding by telephone based on the authority
24   provided by Section 15002 of the CARES Act and the standing
25   orders issued by the Chief Judge of this Court pursuant to that

K6GLFARP                                                                                  Page 4

 1   act. And under that act, I find that video-conferencing is not
 2   reasonably available to conduct this proceeding at this time.
 3   The facilities for video-conferencing appearances are extremely
 4   limited, and there's insufficient availability to allow for all
 5   persons who wish to use video-conferencing to use it, in my
 6   understanding, as our limited resources are allocated to other
 7   judges this morning.
 8         I also note that under the CARES Act, Section
 9   15002(b)(2)(A), in the case of any plea that is conducted by
10   video-conference or telephone, it must be determined whether
11   the proceeding cannot be further delayed without serious harm
12   in the interest of justice and by order, dated June 15th, 2020,
13   Judge Schofield, the district judge to whom this case is
14   assigned, has made that specific finding. So that order is on
15   the docket of the case and that enables us to proceed with this
16   plea proceeding by telephone at this time. Let me just confirm
17   in an abundance of caution.
18         Mr. Petruzzi, will you please briefly describe the
19   contact that you've had with your client to prepare for the
20   plea today?
21         MR. PETRUZZI: Certainly, your Honor.
22         Mr. Farkas and I have gone over all of the relevant
23   pleadings, including the superseding information, the plea
24   agreement, all of the waivers. And we've met in person a
25   number of times. We've also had a number of phone conferences

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 3 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a                                              June 16, 2020

K6GLFARP                                                        Page 5

1  with cocounsel to go over and make sure that he understands
2  each and every one of the rights that he's going to be giving
3  up as well as the terms of the plea agreement itself.
4          THE COURT: All right. Very well.
5      And you did specifically discuss with him whether he
6  was willing to consent to proceed with his guilty plea by
7  telephone; is that correct?
8          MR. PETRUZZI: Yes, your Honor.
9          THE COURT: And I have before me a document called
10 "waiver of rights to be present at criminal proceeding" that
11 Mr. Farkas has signed.
12     I just want to confirm, Mr. Farkas, that's the
13 document that you reviewed and discussed with your attorney
14 before you signed it; is that correct?
15         THE DEFENDANT: Yes. Correct, your Honor.
16         THE COURT: And you're willing to proceed in the
17 fashion we are, understanding you have a right to otherwise be
18 present in court.
19     Is that correct?
20         THE DEFENDANT: Yes, your Honor.
21         THE COURT: All right.
22     Now, I also want you to understand, Mr. Farkas, that
23 you have the right to have your plea taken by a United States
24 district judge. As your lawyer has told you, I'm a United
25 States magistrate judge. And if you wish to consent to my

K6GLFARP                                                        Page 6

1  taking this plea, I will do so. I understand I have in front
2  of me also a consent to proceed before a magistrate judge form
3  that you also signed. And I want to make sure that you
4  understand the ramifications of that, that you do in fact have
5  a right to have your plea taken by Judge Schofield, but she's
6  referred to magistrate's court, and by signing this consent
7  form, you're agreeing to have your plea taken before me today.
8      Is that correct?
9          THE DEFENDANT: Yes, your Honor. Correct.
10         THE COURT: And before you sign this consent form, you
11 did discuss it with Mr. Petruzzi.
12     Is that correct?
13         THE DEFENDANT: That's correct, your Honor.
14         THE COURT: Okay. Let's proceed then.
15     The purpose of this proceeding today is to make sure
16 that you understand all of your rights, to decide whether
17 you're pleading guilty of your own free will, and to make sure
18 you're pleading guilty because you are guilty and not some
19 other reason.
20     Do you understand that?
21         THE DEFENDANT: Yes, your Honor, I understand.
22         THE COURT: If at any time, as I said a minute or two
23 ago, you don't understand either any of my questions or
24 anything else that's going on during the proceeding, or if you
25 wish to consult with your attorney, please let me know, because

K6GLFARP                                                        Page 7

1  it is important that you understand every question before you
2  answer. Now, before I take your plea, I'm going to ask you a
3  series of questions as I say, and, therefore, I need to place
4  you under oath.
5      Do you swear, Mr. Farkas, that the answers that you
6  will give to my questions will be the truth, the whole truth
7  and nothing but the truth so help you God?
8          THE DEFENDANT: Yes, your Honor.
9          THE COURT: And do you understand that any statements
10 that you make during this proceeding today under oath may be
11 used against you in a prosecution for perjury or for making
12 false statements if you do not tell the truth?
13         THE DEFENDANT: Yes, your Honor.
14         THE COURT: Now, I also have before me a waiver of
15 indictment that you have signed, I believe. And I want to
16 confirm that with you.
17     Did you, in fact, sign a document called "waiver of
18 indictment?"
19         THE DEFENDANT: I did, your Honor.
20         THE COURT: Before you signed it, did you discuss it
21 with your attorneys?
22         THE DEFENDANT: Yes, I did, your Honor.
23         THE COURT: Do you understand what you're doing by
24 signing a waiver of indictment?
25         THE DEFENDANT: Yes, your Honor.

K6GLFARP                                                        Page 8

1          THE COURT: Do you understand that you are under no
2  obligation to waive indictment?
3          THE DEFENDANT: Yes, your Honor.
4          THE COURT: Do you understand that if you do not waive
5  indictment, if the government wants to prosecute you, they
6  would have to present this case to a grand jury, which may or
7  may not indict you?
8          THE DEFENDANT: Yes, your Honor.
9          THE COURT: You realize that by signing this waiver of
10 indictment, you're giving up your right to have your case
11 presented to a grand jury?
12         THE DEFENDANT: I do, your Honor.
13         THE COURT: Do you understand what a grand jury is?
14         THE DEFENDANT: Yes, your Honor.
15         THE COURT: Have you seen a copy of the information in
16 this case?
17         THE DEFENDANT: Yes, your Honor. It's right here in
18 front of me.
19         THE COURT: All right. And it's a superseding
20 information, correct? That's what you have in front of you?
21         THE DEFENDANT: Correct.
22         THE COURT: Do you waive the public reading of the
23 superseding information?
24         THE DEFENDANT: Yes, your Honor.
25         THE COURT: And how do you intend to plead to the

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 4 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a
June 16, 2020

K6GLFARP Page 9

 1  superseding information, guilty or not guilty?
 2      THE DEFENDANT: Guilty, your Honor.
 3      THE COURT: Could you please tell the Court your full
 4  name?
 5      THE DEFENDANT: My name is Robert Farkas.
 6      THE COURT: How old are you?
 7      THE DEFENDANT: I am 33 years old.
 8      THE COURT: Are you a citizen of the United States?
 9      THE DEFENDANT: Yes, your Honor.
10      THE COURT: Are you able to read and write in English?
11      THE DEFENDANT: Yes, your Honor.
12      THE COURT: How far did you go in school?
13      THE DEFENDANT: I completed some college, your Honor,
14  but I did not graduate.
15      THE COURT: Are you now or have you recently been
16  under the care of a doctor or a psychiatrist for any reason?
17      THE DEFENDANT: No, your Honor.
18      THE COURT: Have you been treated recently for any
19  mental illness, or addiction to alcohol, or narcotic drugs of
20  any kind?
21      THE DEFENDANT: No, your Honor.
22      THE COURT: As you sit here today, are you under the
23  influence of any mind-altering drug or any alcoholic drink?
24      THE DEFENDANT: No, your Honor.
25      THE COURT: Are you on any medication?

K6GLFARP Page 10

 1      THE DEFENDANT: No, your Honor.
 2      THE COURT: Have you been able to understand
 3  everything that I've said to you so far?
 4      THE DEFENDANT: Yes, your Honor.
 5      THE COURT: And do you feel all right today?
 6      THE DEFENDANT: I do, your Honor.  I feel pretty good.
 7      THE COURT: Good.  Now, you said you've seen a copy of
 8  the superseding information in the case, correct?
 9      THE DEFENDANT: Yes, your Honor.
10      THE COURT: Have you read it?
11      THE DEFENDANT: I have, your Honor.
12      THE COURT: Do you understand what it says that you
13  did?
14      THE DEFENDANT: I do, your Honor.  Yes.
15      THE COURT: Have you had a chance to discuss the
16  charges in the superseding information and how you wish to
17  plead with your attorneys?
18      THE DEFENDANT: Yes, your Honor.
19      THE COURT: And are you satisfied with their
20  representation of you?
21      THE DEFENDANT: Yes, your Honor.
22      THE COURT: Have you had a full opportunity to discuss
23  this case with them?
24      THE DEFENDANT: I have, your Honor.
25      THE COURT: And have you had -- have you discussed

K6GLFARP Page 11

 1  with them the consequences of pleading guilty?
 2      THE DEFENDANT: Yes, your Honor, I have.
 3      THE COURT: Are you ready to formally enter a plea at
 4  this time?
 5      THE DEFENDANT: Yes, your Honor.
 6      THE COURT: Now, I want to review with you the two
 7  counts of the information.  I'll refer to the superseding
 8  information as "the information," and review with you the
 9  charges in each of those two counts and the penalties that are
10  associated with them.
11      Count One of the information charges you with
12  conspiring from at least in or about July 2017, through in or
13  about April 2018, to commit securities fraud, in connection
14  with a scheme to raise funds from investors in a company called
15  Centra Tech Incorporated through the sale of unregistered
16  securities styled as digital tokens issued as part of Centra
17  Tech's so-called initial coin offering based on fraudulent
18  misrepresentations and omissions, in violation of federal law.
19      This count carries a maximum sentence of five years; a
20  maximum term of supervised release of three years; a maximum
21  fine pursuant to federal law of the greatest of $250,000, twice
22  the gross gain derived from the offense or twice the gross loss
23  to persons other than you resulting from the offense; and a
24  $100 mandatory special assessment.
25      Do you understand the charge in Count One of the

K6GLFARP Page 12

 1  information and the penalties that are associated with that
 2  count?
 3      THE DEFENDANT: Yes, your Honor.  Thank you.
 4      THE COURT: How do you wish to plead to Count One of
 5  the information, guilty or not guilty?
 6      THE DEFENDANT: Guilty, your Honor.
 7      THE COURT: Let me now review with you Count Two of
 8  the information.
 9      That count charges you with conspiring from at least
10  in or about July 2017, through in or about April 2018, to
11  commit wire fraud in connection with a scheme to use interstate
12  and foreign wire communications to raise funds from Centra Tech
13  investors through the sale of digital tokens issued as part of
14  Centra Tech's initial coin offering based on fraudulent
15  misrepresentations and omissions, in violation of federal law.
16      This count carries a maximum sentence of imprisonment
17  of five years; a maximum term of supervised release of three
18  years; a maximum fine pursuant to federal law of the greatest
19  of $250,000, twice the gross gain derived from the offense or
20  twice the gross loss to persons other than you resulting from
21  the offense; and a $100 mandatory special assessment.
22      Do you understand the charge in Count Two of the
23  information and the penalties associated with that count?
24      THE DEFENDANT: Yes, your Honor.
25      THE COURT: And how do you wish to plead to Count Two

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 5 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a
June 16, 2020

K6GLFARP                                                       Page 13

1  of the information, guilty or not guilty?
2         THE DEFENDANT: Guilty, your Honor.
3         THE COURT: Do you understand that the total maximum
4  term of imprisonment on both counts is ten years of
5  imprisonment?
6         THE DEFENDANT: Yes, your Honor.
7         THE COURT: And let me just pause and note in
8  reviewing the plea agreement I think there's a typographical
9  error on the top of page two.  It repeats "Count One" when it
10 should say "Count Two."
11        So you all may want to make an adjustment to that at
12 some point, Mr. Enzer
13        MR. ENZER: Thank you, your Honor.
14        THE COURT: Am I right, Mr. Farkas, that in addition
15 to pleading guilty to the two counts of the information, you're
16 also admitting the forfeiture allegations with respect to those
17 counts and you are agreeing to forfeit to the United States,
18 pursuant to federal law, any and all property -- real or
19 personal -- that constitutes or is derived from proceeds
20 traceable to the commission of the offenses of conviction that
21 have been set forth in these two counts that you personally
22 obtained?
23        Is that correct?
24        THE DEFENDANT: Correct, your Honor.
25        THE COURT: And there's a reference in your plea

K6GLFARP                                                       Page 14

1  agreement to seize ether units.
2         Is it correct that you are agreeing that you did not
3  personally obtain and that you don't have any right, title or
4  interest to any of those seized either units?
5         Is that correct?
6         THE DEFENDANT: Yes, your Honor, correct.
7         THE COURT: In addition, do you understand that the
8  Court could order you to pay restitution to any victims?
9         THE DEFENDANT: Yes, your Honor.
10        THE COURT: All right.  Mr. Enzer, is there anything
11 else with respect to the charges that you want me to review
12 with Mr. Farkas at this time?
13        MR. ENZER: Nothing else, your Honor.
14        THE COURT: All right.  Thank you.
15        Do you understand, Mr. Farkas, if, as part of your
16 sentence, you are placed on a term of supervised release and
17 then you violate any of the conditions of that release, you
18 could face an additional term of imprisonment?
19        THE DEFENDANT: Yes, your Honor.
20        THE COURT: Now, you said earlier that you are a
21 United States citizen.  By law, I must still tell you that if
22 in fact you are not a United States citizen, a guilty plea
23 means that you may be removed from the United States and denied
24 admission to the United States or citizenship in the future.
25        Do you understand this?

K6GLFARP                                                       Page 15

1         THE DEFENDANT: Yes, your Honor.
2         THE COURT: Do you understand that you're bound by
3  your guilty plea, regardless of the immigration consequences of
4  your plea and regardless of any advice you have received from
5  your attorney or anyone else for that matter regarding those
6  consequences?
7         THE DEFENDANT: Yes, your Honor.
8         THE COURT: And you've discussed the subject with your
9  attorney as part of your preparation for this proceeding today.
10        Is that correct?
11        THE DEFENDANT: Correct, your Honor.
12        THE COURT: All right.  Mr. Farkas, at this time I'm
13 now going to explain to you certain constitutional rights that
14 you have.  But these are rights that you'll be giving up as a
15 result of entering a guilty plea here today.
16        First of all, do you understand that you have a right
17 to plead not guilty to the charges in the information and a
18 right to a speedy and public jury trial if you wish?
19        THE DEFENDANT: Yes, your Honor.
20        THE COURT: Do you understand that if you were to
21 continue to plead not guilty and go to trial, you would be
22 presumed innocent and the burden would be on the government to
23 prove your guilt beyond a reasonable doubt?
24        THE DEFENDANT: Yes, your Honor.
25        THE COURT: Do you understand that you would be

K6GLFARP                                                       Page 16

1  entitled to be represented by an attorney at all stages of the
2  proceeding, at trial, and at every other stage, and if you
3  could not afford to hire or retain one, the Court would provide
4  an attorney to you for free?
5         THE DEFENDANT: Yes, your Honor.
6         THE COURT: Do you understand that if there were a
7  trial in your case, you would be entitled to confront and
8  cross-examine any witnesses called by the government to testify
9  against you?
10        THE DEFENDANT: Yes, your Honor.
11        THE COURT: Do you understand you'd be entitled to
12 testify on your own behalf?
13        THE DEFENDANT: Yes, your Honor.
14        THE COURT: Do you understand you could call witnesses
15 and present evidence, if there were a trial?
16        THE DEFENDANT: Yes, your Honor.
17        THE COURT: And do you understand that you could ask
18 the Court to issue subpoenas to compel witnesses to appear and
19 testify in your defense even if they did not otherwise wish to
20 come?
21        THE DEFENDANT: I do, your Honor.
22        THE COURT: Do you also understand that if there were
23 a trial, you would not be required to testify against yourself?
24        THE DEFENDANT: Yes, your Honor.
25        THE COURT: And if you chose not to testify, that

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 6 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a
June 16, 2020

K6GLFARP    Page 17

1  could not be used against you; do you understand that?
2         THE DEFENDANT: I do, your Honor.
3         THE COURT: And do you understand that if you went to
4  trial and you were convicted at a trial, you'd still have the
5  right to appeal that conviction to a higher court?
6         THE DEFENDANT: Yes, your Honor.
7         THE COURT: Do you understand that by entering a
8  guilty plea here today, you'll be giving up all of the rights
9  that I just reviewed with you, including your right to a trial,
10 you will not be able to withdraw your guilty plea, and the only
11 remaining step in the case will be the sentencing?
12        THE DEFENDANT: Yes, your Honor.
13        THE COURT: Do you understand that the decision as to
14 the appropriate sentence in your case will be entirely up to
15 the sentencing judge, who in this case is Judge Schofield, and
16 then she will be limited only by what the law requires?
17        THE DEFENDANT: Yes, your Honor.
18        THE COURT: Do you understand that even if you're
19 surprised or disappointed by your sentence, you're still going
20 to be bound by your guilty plea?
21        THE DEFENDANT: Yes, your Honor.
22        THE COURT: Knowing everything I've just reviewed with
23 you, do you still wish to plead guilty to Counts One and Two of
24 the superseding information?
25        THE DEFENDANT: Yes, your Honor.

K6GLFARP    Page 18

1         THE COURT: Has any force or any threats been used,
2  either directly or indirectly, to influence how you plead
3  today?
4         THE DEFENDANT: No, your Honor.
5         THE COURT: Now, I have before me a letter dated June
6  15th, 2020, from the U.S. attorney to your attorney containing
7  a plea agreement.
8         Have you read this letter?
9         THE DEFENDANT: Yes, your Honor.
10        THE COURT: Did you sign it on the last page?
11        THE DEFENDANT: I did, your Honor.
12        THE COURT: Before you signed it, did you discuss it
13 with your attorneys?
14        THE DEFENDANT: Yes, your Honor.
15        THE COURT: And did they explain to you all of the
16 terms and conditions of this letter?
17        THE DEFENDANT: Yes, your Honor.
18        THE COURT: Now, apart from what's contained in this
19 letter, have any promises been made to you in order to get you
20 to plead guilty?
21        THE DEFENDANT: No, your Honor.
22        THE COURT: Now, in reviewing the plea agreement, I
23 note that it contains an analysis of how part of our law of
24 sentencing, which is known as the sentencing guidelines, may
25 impact on any prison term in your case. Based on that

K6GLFARP    Page 19

1  analysis, the agreement states the conclusion -- and this is at
2  the top of page four -- that the guidelines sentencing range
3  can be expected to be from 70 to 87 months.
4         Do you understand that?
5         THE DEFENDANT: Yes, your Honor.
6         THE COURT: Do you understand that Judge Schofield is
7  not bound by the calculation in this letter and that she will
8  be free to do her own calculation, which may result in a
9  guideline range that is different from the one that's in the
10 letter?
11        THE DEFENDANT: Yes, your Honor.
12        THE COURT: Do you understand that no matter what
13 sentencing range Judge Schofield believes is called for by the
14 guidelines, that range is just one of many factors that she
15 will consider in determining your sentence, and that the judge
16 has discretion to give you a prison sentence below or above the
17 range, anywhere up to the maximum sentence of imprisonment of
18 ten years that we spoke about a few minutes ago?
19        Do you understand that?
20        THE DEFENDANT: Yes, your Honor.
21        THE COURT: Do you understand that under the terms of
22 the agreement, if Judge Schofield were to sentence you to a
23 prison term that is 87 months or less, you'll be giving up your
24 right to appeal that sentence or to challenge it in any other
25 way, such as through a writ of habeas corpus?

K6GLFARP    Page 20

1         THE DEFENDANT: Yes, your Honor.
2         THE COURT: Do you also understand -- and this is on
3  page five of the plea agreement -- that you cannot appeal any
4  fine of $250,000 or less, and then you cannot appeal any lawful
5  sentence of supervised release?
6         THE DEFENDANT: Yes, your Honor.
7         THE COURT: Do you also understand that in this letter
8  you're giving up your right to complain if the government
9  withheld evidence from your attorney that would have been
10 helpful to you?
11        THE DEFENDANT: Yes, your Honor.
12        THE COURT: Now, Mr. Farkas, is your plea voluntary?
13 And what I mean by that is: Is it made of your own free will?
14        THE DEFENDANT: Yes, your Honor.
15        THE COURT: Did you, in fact, commit the offenses that
16 are charged in Counts One and Two of the superseding
17 information?
18        THE DEFENDANT: Yes, your Honor.
19        THE COURT: Now, before I ask you to tell the Court
20 what you did, I'm going to ask the government to summarize the
21 elements of the offenses, and if it wishes, to advise the Court
22 of the evidence that would have been offered had there been a
23 trial in your case.
24        Mr. Enzer?
25        MR. ENZER: Certainly, your Honor. We'll do both.

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 7 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a
June 16, 2020

K6GLFARP                                                                Page 21

1    With respect to the elements, first, with respect to
2  the securities fraud conspiracy charged in Count One of the
3  information, the government would have to prove beyond a
4  reasonable doubt at trial each of the following three elements:
5      First, the existence of the conspiracy charged in
6  Count One; in other words, that there was, in fact, an
7  agreement or understanding by two or more people to commit
8  securities fraud.
9      Second, that the defendant, Mr. Farkas, knowingly and
10 willfully became a member of a conspiracy.
11     And third, that the defendant or another member of the
12 conspiracy knowingly committed at least one overt act in
13 furtherance of the conspiracy during the life of the
14 conspiracy.
15     And by way of background, to prove that the defendant
16 committed the substantive crime of securities fraud, which was
17 the goal or object of the conspiracy charged in Count One, the
18 government would have to prove the following elements beyond a
19 reasonable doubt:
20     First, that in connection with the purchase or sale of
21 securities, the defendant did any one or more of the following:
22 (A), employed a device, scheme or artifice to defraud; or, (B),
23 made an untrue statement of a material fact or omitted to state
24 a material fact which made what was said under the
25 circumstances misleading; or (C), engaged in an act, practice,

K6GLFARP                                                                Page 22

1  or course of business that operated or would operate as a fraud
2  or deceit upon purchaser or seller.
3      Second, that the defendant acted knowingly, willfully
4  and with the intent to defraud, that is, the intent to deceive.
5      And third, that the defendant used or caused to be
6  used, the mails or an instrumentality of interstate commerce in
7  furtherance of the fraudulent conduct.  And the term "security"
8  is defined broadly to include not only conventional investment
9  vehicles such as stocks and bonds, but also less conventional
10 investment instruments, including any so-called "investment
11 contract."
12     An investment contract is any contract, transaction or
13 scheme, whereby a person makes an investment of something of
14 value in a common enterprise as led to expect profits from the
15 entrepreneurial or managerial efforts of others as promoters of
16 the scheme.
17     With respect to the wire fraud conspiracy charged in
18 Count Two of the information, the government would have to
19 prove beyond a reasonable doubt each of the following three
20 elements:
21     First, the existence of the conspiracy charged in
22 Count Two of the information, that there was, in fact, an
23 agreement or understanding by two or more people to commit wire
24 fraud.
25     Second, that the defendant, Mr. Farkas, knowingly and

K6GLFARP                                                                Page 23

1  willfully became a member of the conspiracy.
2      And third, that the defendant or another member of the
3  conspiracy knowingly committed at least one overt act in
4  furtherance of the conspiracy during the life of the
5  conspiracy.
6      And by way of background, to prove that a defendant
7  committed the substantive crime of wire fraud, which was the
8  goal or object of the conspiracy charged in Count Two, the
9  government would have to prove the following elements beyond a
10 reasonable doubt:
11     First, that there existed a scheme to defraud one or
12 more persons of money or property by means of false or
13 fraudulent pretenses, representations or promises.
14     Second, that the defendant knowingly and willfully
15 participated at some point in the scheme to defraud with
16 knowledge of its fraudulent nature and with a specific intent
17 to defraud.
18     And third, that in the execution of that scheme, there
19 occurred at least one use of interstate or international wire
20 communications.
21     In addition to the elements that I just described, to
22 establish venue in the Southern District of New York, the
23 government would also have to prove by a preponderance of the
24 evidence that some act in furtherance of each of the conspiracy
25 offenses charged in Counts One and Two of the information

K6GLFARP                                                                Page 24

1  occurred within the Southern District of New York.
2      And with respect to the proof at trial, at the outset
3  the government incorporated by reference the facts set forth in
4  the criminal complaints, the indictment, the superseding
5  information, and the government's motions in limine that have
6  been filed in this case.
7      The government proffers that if this case proceeded to
8  trial, the government would offer witness testimony,
9  documentary proof and other evidence at trial, establishing all
10 of the facts that were in those documents, and those facts
11 would prove beyond a reasonable doubt that Mr. Farkas is guilty
12 of the securities fraud conspiracy and wire fraud conspiracy
13 charges in Counts One and Two of the information and that those
14 facts would establish venue in the Southern District of New
15 York by a preponderance of the evidence.
16     More specifically, the evidence that the government
17 would offer at trial would include, among other things, first,
18 the testimony of various witnesses who used to be executives or
19 employees of Centra Tech that would collectively establish the
20 existence of the charged securities and wire fraud
21 conspiracies, that Mr. Farkas knowingly and willfully joined
22 these conspiracies, and that various members of these
23 conspiracies committed overt acts during and in furtherance of
24 these conspiracies, including overt acts in the Southern
25 District of New York.  This would include, for example, the

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 8 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a                                                                June 16, 2020

K6GLFARP                                                             Page 25

1 testimony of a cooperating witness who used to be a
2 coconspirator of Mr. Farkas in the charged conspiracies to
3 defraud Centra Tech investors.  This cooperating witness would
4 testify to facts establishing, among other things, (A) that the
5 cofounders of Centra Tech, including Mr. Farkas and the
6 cooperating witness, conspired to commit securities fraud and
7 conspired to commit wire fraud as part of a scheme to defraud
8 investors into buying digital tokens issued by Centra Tech; (B)
9 that as part of these conspiracies, the members of these
10 conspiracies, including Mr. Farkas and the cooperating witness,
11 deliberately made materially false and misleading
12 misrepresentations and omissions to induce Centra Tech
13 investors to buy digital tokens, including false claims that
14 Centra Tech had critical business partnerships that did not
15 actually exist, that Centra Tech had qualified senior
16 executives with impressive credentials who actually did not
17 exist, and that Centra Tech had critical money transmitter
18 licenses in a number of states that the company actually did
19 not have; (C) that Mr. Farkas was a willing and knowing
20 participant in these fraud conspiracies; and (D), that during
21 and in furtherance of the conspiracies, cell phone text
22 messages were sent to and from the Southern District of New
23 York from Florida by various members of the conspiracies.
24      The government's proof at trial would also include
25 documents containing fraudulent misrepresentations that Mr.

K6GLFARP                                                             Page 26

1 Farkas and his coconspirators disseminated, via internet and
2 other means, to investors as part of the charged conspiracies
3 to deceive investors into buying digital tokens issued by
4 Centra Tech, including fraudulent white papers and recordings
5 of interviews in which a member of the conspiracy made
6 fraudulent misrepresentations to solicit investors to buy the
7 digital tokens.
8      The government's proof would also include witness
9 testimony and documents establishing the falsity of those
10 fraudulent misrepresentations.  The government's proof would
11 also include the testimony of victim investors and supporting
12 documents that would establish, among other things, (A) facts
13 showing various victim investors provided funds to Centra Tech
14 to buy digital tokens issued by Centra Tech based on the
15 fraudulent misrepresentations that Mr. Farkas and his
16 coconspirators disseminated; and (B) the fact establishing the
17 materiality of those fraudulent misrepresentations.  The
18 government's trial proof would also include contemporaneous
19 text messages and emails exchanged between and among Mr. Farkas
20 and his coconspirators during the charged conspiracies,
21 establishing that they acted knowingly, willfully and with the
22 intent to defraud Centra Tech investors.
23      The government's proof would also include witness
24 testimony and documents showing that digital tokens that Mr.
25 Farkas and his coconspirators sold to Centra Tech investors

K6GLFARP                                                             Page 27

1 during the charged conspiracies qualify as investment
2 contracts, therefore, as securities under the federal
3 securities laws.  The government's proof at trial would also
4 include witness testimony, documents and other evidence showing
5 that Mr. Farkas and his coconspirators used electronic
6 communications to trade the digital tokens on a crypto-currency
7 exchange based in the Southern District of New York, during and
8 in furtherance of the charged conspiracies.
9      That is not all the proof the government would have at
10 trial, it's just a summary of just some of it, as I indicated.
11      THE COURT:  Thank you, Mr. Enzer.
12      Mr. Farkas, would you please tell the Court in your
13 own words now what you did that makes you guilty of the charges
14 against you?
15      And if you're going to read a statement, which is
16 entirely appropriate, I would just ask that you try and read
17 slowly so that it is easier for the court reporter to record
18 what it is that you're saying.
19      THE DEFENDANT:  Certainly, your Honor.
20      So about July 30th, 2017, through October 5th, 2017, I
21 agreed with others to commit securities fraud and wire fraud,
22 in connection with the scheme to raise funds from investors by
23 selling them digital tokens issued by a company called Centra
24 Tech, Inc.  When I entered into these agreements, I knew that
25 my coconspirators had created a fictitious chief executive

K6GLFARP                                                             Page 28

1 officer, named Michael Edwards, and a fictitious chief
2 financial officer, named Jessica Robinson, and had falsely
3 represented that these fake executives had impressive
4 credentials, in order to convince the investing public that
5 Centra Tech had an executive team with the qualifications and
6 experience needed to succeed.  I took various actions to
7 further the goals of these agreements.
8      For example, in order to advance these agreements, I
9 posted a photograph of my sister on a LinkedIn page for the
10 fictitious Centra Tech executive name, "Jessica Robinson," and
11 falsely represented that my sister's photograph was actually
12 the photograph of Jessica Robinson, the purported chief
13 financial officer of Centra Tech.  During and to further the
14 goal of these agreements, emails and cell phone text messages
15 were sent to and from New York, New York.
16      I knew that my participation in these conspiracies was
17 wrong and illegal.
18      THE COURT:  Does that conclude your statement, Mr.
19 Farkas?
20      THE DEFENDANT:  Yes, your Honor.  Thank you.
21      THE COURT:  Mr. Enzer, are there any questions that
22 you think the Court needs to follow up with for purposes of the
23 allocution?
24      MR. ENZER:  No questions for Mr. Farkas, your Honor.
25      The government would just note that we previously

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 9 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a                                                                June 16, 2020

K6GLFARP                                                    Page 29

1  proffered facts to prove at trial and incorporate by reference
2  that the proffer and documents that we have incorporated by
3  reference, and with those factual proffers the government
4  believes that Mr. Farkas's allocution is sufficient.
5         THE COURT: All right.  Do you represent that the
6  government has sufficient evidence to establish his guilt
7  beyond a reasonable doubt?
8         MR. ENZER: Yes, your Honor.
9         THE COURT: And let me ask Mr. Petruzzi.
10     Do you know of any defense that would prevail at trial
11 or why any other reason why Mr. Farkas should not be permitted
12 to plead guilty at this time?
13        MR. PETRUZZI: No, your Honor.
14        THE COURT: Mr. Farkas, are you pleading guilty
15 because you are guilty?
16        THE DEFENDANT: Yes, your Honor.
17        THE COURT: All right.  Are there any further
18 questions either side wishes the Court to ask before we
19 conclude the proceedings?
20        Mr. Enzer?
21        MR. ENZER: Your Honor, I know your Honor went over
22 the penalties for forfeiture, but -- and forgive me if you
23 already covered this, but we would ask that Mr. Farkas admit
24 the forfeiture allegations.
25        THE COURT: I believe I did cover that.  But in

K6GLFARP                                                    Page 30

1  abundance of caution:
2         Mr. Farkas, is it correct then that you are admitting
3  to the forfeiture allegations with respect to Counts One and
4  Two of the superseding information?
5         THE DEFENDANT: Yes, your Honor.
6         THE COURT: Anything else, Mr. Enzer?
7         MR. ENZER: Nothing further from the government.
8  Thank you, your Honor.
9         THE COURT: Mr. Petruzzi, any other questions you
10 believe Court needs to ask?
11        MR. PETRUZZI: No, your Honor.  Thank you.
12        THE COURT: All right.  On the basis of Mr. Farkas's
13 responses to my questions and my at least audio observation of
14 his demeanor, I'll say, I find that he is fully competent to
15 enter an informed plea at this time.  I also conclude that he
16 understands the nature of the charges and the consequences of
17 his plea.  And I'm also satisfied that his plea is voluntary
18 and that there is a factual basis for it.  Accordingly, I
19 recommend that the proffered plea to Counts One and Two of the
20 superseding information be accepted.
21     I assume the government will order a copy of the
22 transcript of this proceeding and will submit it to Judge
23 Schofield, together with any additional paperwork so that she
24 may act on this recommendation.
25        MR. ENZER: The government will do so.  We have

K6GLFARP                                                    Page 31

1  prepared a form requesting same-day receipt of the transcript
2  and I think we're just working out who to send that request to.
3         THE COURT: All right.  And has Schofield scheduled a
4  sentencing date at this time?
5         MR. ENZER: Not yet.
6         MR. PETRUZZI: No, your Honor.
7         THE COURT: All right.  Well, I would say in the
8  normal course I would ask that the government's case summary
9  for purposes of the presentence report should be delivered to
10 probation within the next 14 days, if that's feasible.
11     And, Mr. Farkas, you and counsel should also make
12 yourselves available for the interview by the probation
13 department in the next 14 days or soon thereafter, as is
14 practicable given all of the circumstances.
15     Is there anything further from the government at this
16 time?
17        MR. ENZER: Nothing further from the government.
18 Thank you, your Honor.
19        THE COURT: All right.  Anything further from the
20 defense?
21        MR. PETRUZZI: No, your Honor.  Thank you.
22        THE COURT: All right.  Thank you all very much.
23 Have a very good day and stay safe, everyone.
24        MR. ENZER: Thank you, your Honor.  You too.
25        THE COURT: Goodbye.  ******

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 10 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a
June 16, 2020

**$**

**$100 (2)**
11:24;12:21
**$250,000 (3)**
11:21;12:19;20:4

**\***

**\*\*\*\*\*\* (1)**
31:25

**A**

**able (4)**
2:22;9:10;10:2;
17:10
**above (1)**
19:16
**abundance (2)**
4:17;30:1
**accepted (1)**
30:20
**Accordingly (1)**
30:18
**Act (9)**
3:24;4:1,1,8;21:12,
25;23:3,24;30:24
**acted (2)**
22:3;26:21
**actions (1)**
28:6
**acts (2)**
24:23,24
**actually (4)**
25:15,16,18;28:11
**addiction (1)**
9:19
**addition (3)**
13:14;14:7;23:21
**additional (2)**
14:18;30:23
**adjustment (1)**
13:11
**admission (1)**
14:24
**admit (1)**
29:23
**admitting (2)**
13:16;30:2
**advance (1)**
28:8
**advice (1)**
15:4
**advise (1)**
20:21
**afford (1)**
16:3
**against (5)**
7:11;16:9,23;17:1;
27:14
**Agents (1)**
2:8
**ago (2)**
6:23;19:18
**agreed (1)**
27:21
**agreeing (3)**
6:7;13:17;14:2
**agreement (11)**
4:24;5:3;13:8;14:1;
18:7,22;19:1,22;20:3;
21:7;22:23
**agreements (4)**
27:24;28:7,8,14
**Alaine (1)**
2:8
**alcohol (1)**
9:19
**alcoholic (1)**
9:23
**allegations (3)**
13:16;29:24;30:3
**allocated (1)**
4:6
**allocution (2)**
28:23;29:4
**allow (1)**
4:4
**among (4)**
24:17;25:4;26:12,19
**analysis (2)**
18:23;19:1
**apart (1)**
18:18
**appeal (4)**
17:5;19:24;20:3,4
**appear (1)**
16:18
**appearances (1)**
4:3
**appearing (1)**
3:8
**appropriate (2)**
17:14;27:16
**April (2)**
11:13;12:10
**artifice (1)**
21:22
**assessment (2)**
11:24;12:21
**assigned (2)**
3:13;4:14
**associated (3)**
11:10;12:1,23
**assume (1)**
30:21
**attorney (9)**
5:13;6:25;15:5,9;
16:1,4;18:6,6;20:9
**attorneys (3)**
7:21;10:17;18:13
**audio (2)**
3:19;30:13
**authority (1)**
3:23
**availability (1)**
4:4
**available (2)**
4:2;31:12
**aware (1)**
3:18

**B**

**background (2)**
21:15;23:6
**based (6)**
3:23;11:17;12:14;
18:25;26:14;27:7
**basis (3)**
3:16;30:12,18
**became (2)**
21:10;23:1
**behalf (1)**
16:12
**believes (2)**
19:13;29:4
**below (1)**
19:16
**beyond (7)**
15:23;21:3,18;22:19;
23:9;24:11;29:7
**bonds (1)**
22:9
**both (2)**
13:4;20:25
**bound (3)**
15:2;17:20;19:7
**Brandon (1)**
2:8
**Brian (1)**
2:16
**briefly (1)**
4:18
**broadly (1)**
22:8
**burden (1)**
15:22
**business (2)**
22:1;25:14
**buy (3)**
25:13;26:6,14
**buying (2)**
25:8;26:3

**C**

**calculation (2)**
19:7,8
**call (2)**
2:1;16:14
**called (7)**
2:4;5:9;7:17;11:14;
16:8;19:13;27:23
**can (1)**
19:3
**care (1)**
9:16
**CARES (2)**
3:24;4:8
**carries (2)**
11:19;12:16
**case (20)**
2:1,4;3:13;4:9,13,15;
8:6,10,16;10:8,23;
16:7;17:11,14,15;
18:25;20:23;24:6,7;
31:8
**caused (1)**
22:5
**caution (2)**
4:17;30:1
**cell (2)**
25:21;28:14
**Centra (21)**
11:15,16;12:12,14;
24:19;25:3,5,8,12,14,
15,17;26:4,13,14,22,
25;27:23;28:5,10,13
**certain (2)**
3:20;15:13
**Certainly (3)**
4:21;20:25;27:19
**challenge (1)**
19:24
**chance (1)**
10:15
**change (1)**
2:13
**charge (2)**
11:25;12:22
**charged (14)**
20:16;21:2,5,17;
22:17,21;23:8,25;
24:20;25:2;26:2,20;
27:1,8
**charges (9)**
10:16;11:9,11;12:9;
14:11;15:17;24:13;
27:13;30:16
**Chief (4)**
3:25;27:25;28:1,12
**chose (1)**
16:25
**circumstances (2)**
21:25;31:14
**citizen (3)**
9:8;14:21,22
**citizenship (1)**
14:24
**claims (1)**
25:13
**CLERK (1)**
2:3
**client (1)**
4:19
**coconspirator (1)**
25:2
**coconspirators (6)**
26:1,16,20,25;27:5,
9:16
**cocounsel (3)**
2:14,15;5:1
**cofounders (1)**
25:5
**coin (2)**
11:17;12:14
**collectively (1)**
24:19
**college (1)**
9:13
**commerce (1)**
22:6
**commission (1)**
13:20
**commit (8)**
11:13;12:11;20:15;
21:7;22:23;25:6,7;
27:21
**committed (5)**
21:12,16;23:3,7;
24:23
**common (1)**
22:14
**communications (3)**
12:12;23:20;27:6
**company (3)**
11:14;25:18;27:23
**compel (1)**
16:18
**competent (1)**
30:14
**complain (1)**
20:8
**complaints (1)**
24:4
**completed (1)**
9:13
**conclude (3)**
28:18;29:19;30:15
**conclusion (1)**
19:1
**conditions (2)**
14:17;18:16
**conduct (2)**
4:2;22:7
**conducted (1)**
4:9
**conducting (2)**
2:13;3:23
**conferences (1)**
4:25
**confirm (3)**
4:16;5:12;7:16
**confront (1)**
16:7
**connection (4)**
11:13;12:11;21:20;
27:22
**consent (5)**
5:6,25;6:2,6,10
**consequences (4)**
11:1;15:3,6;30:16

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 11 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a                                                                                                    June 16, 2020

**consider (1)**
19:15
**conspiracies (15)**
24:21,22,23,24;25:2,
9,10,20,21,23;26:2,20;
27:1,8;28:16
**conspiracy (18)**
21:2,5,10,12,13,14,
17;22:17,21;23:1,3,4,5,
8,24;24:12,12;26:5
**conspired (2)**
25:6,7
**conspiring (2)**
11:12;12:9
**constitutes (1)**
13:19
**constitutional (1)**
15:13
**consult (2)**
3:4;6:25
**contact (1)**
4:19
**contained (1)**
18:18
**containing (2)**
18:6;25:25
**contains (1)**
18:23
**contemporaneous (1)**
26:18
**continue (1)**
15:21
**contract (3)**
22:11,12,12
**contracts (1)**
27:2
**conventional (2)**
22:8,9
**convicted (1)**
17:4
**conviction (2)**
13:20;17:5
**convince (1)**
28:4
**cooperating (4)**
25:1,3,6,10
**copy (3)**
8:15;10:7;30:21
**corpus (1)**
19:25
**counsel (3)**
2:12,19;31:11
**Count (19)**
11:11,19,25;12:2,4,7,
9,16,22,23,25;13:9,10;
21:2,6,17;22:18,22;
23:8
**counts (12)**
11:7,9;13:4,15,17,
21;17:23;20:16;23:25;
24:13;30:3,19
**course (2)**
22:1;31:8

**COURT (120)**
2:1,10,15,19,22,25;
3:7,10,25;5:4,9,16,18,
21;6:6,10,14,22;7:9,14,
20,23;8:1,4,9,13,15,19,
22,25;9:3,3,6,8,10,12,
15,18,22,25;10:2,5,7,
10,12,15,19,22,25;
11:3,6;12:4,7,25;13:3,
7,14,25;14:7,8,10,14,
20;15:2,8,12,20,25;
16:3,6,11,14,17,18,22,
25;17:3,5,7,13,18,22;
18:1,5,10,12,15,18,22;
19:6,12,21;20:2,7,12,
15,19,19,21;27:11,12,
17;28:18,21,22;29:5,9,
14,17,18,25;30:6,9,10,
12;31:3,7,19,22,25
**cover (1)**
29:25
**covered (1)**
29:23
**COVID-19 (1)**
3:22
**created (1)**
27:25
**credentials (2)**
25:16;28:4
**crime (2)**
21:16;23:7
**criminal (2)**
5:10;24:4
**critical (2)**
25:14,17
**cross-examine (1)**
16:8
**crypto-currency (1)**
27:6

**D**

**Daniel (1)**
2:7
**date (1)**
31:4
**dated (2)**
4:12;18:5
**day (1)**
31:23
**days (2)**
31:10,13
**deceit (1)**
22:2
**deceive (2)**
22:4;26:3
**decide (1)**
6:16
**decision (1)**
17:13
**DEFENDANT (94)**
2:21,24;3:6;5:15,20;
6:9,13,21;7:8,13,19,22,

25;8:3,8,12,14,17,21,
24;9:2,5,7,9,11,13,17,
21,24;10:1,4,6,9,11,14,
18,21,24;11:2,5;12:3,6,
24;13:2,6,24;14:6,9,19;
15:1,7,11,19,24;16:5,
10,13,16,21,24;17:2,6,
12,17,21,25;18:4,9,11,
14,17,21;19:5,11,20;
20:1,6,11,14,18;21:9,
11,15,21;22:3,5,25;
23:2,6,14;27:19;28:20;
29:16;30:5
**defense (3)**
16:19;29:10;31:20
**defined (1)**
22:8
**defraud (8)**
21:22;22:4;23:11,15,
17;25:3,7;26:22
**delayed (1)**
4:11
**deliberately (1)**
25:11
**delivered (1)**
31:9
**demeanor (1)**
30:14
**denied (1)**
14:23
**department (1)**
31:13
**DEPUTY (1)**
2:3
**derived (3)**
11:22;12:19;13:19
**describe (1)**
4:18
**described (1)**
23:21
**determined (1)**
4:10
**determining (1)**
19:15
**device (1)**
21:22
**different (1)**
19:9
**digital (10)**
11:16;12:13;25:8,13;
26:3,7,14,24;27:6,23
**directly (1)**
18:2
**disappointed (1)**
17:19
**discretion (1)**
19:16
**discuss (6)**
5:5;6:11;7:20;10:15;
22;18:12
**discussed (3)**
5:13;10:25;15:8
**disseminated (2)**

26:1,16
**dissemination (1)**
3:18
**district (9)**
3:13;4:13;5:24;
23:22;24:1,14,25;
25:22;27:7
**docket (1)**
4:15
**doctor (1)**
9:16
**document (3)**
5:9,13;7:17
**documentary (1)**
24:9
**documents (7)**
24:10;25:25;26:9,12,
24;27:4;29:2
**doubt (7)**
15:23;21:4,19;22:19;
23:10;24:11;29:7
**drink (1)**
9:23
**drug (1)**
9:23
**drugs (1)**
9:19
**during (11)**
3:1;6:24;7:10;21:13;
23:4;24:23;25:20;
26:20;27:1,7;28:13

**E**

**earlier (1)**
14:20
**easier (1)**
27:17
**Edwards (1)**
28:1
**efforts (1)**
22:15
**either (5)**
3:1;6:23;14:4;18:2;
29:18
**electronic (1)**
27:5
**elements (7)**
20:21;21:1,4,18;
22:20;23:9,21
**else (6)**
3:1;6:24;14:11,13;
15:5;30:6
**emails (2)**
26:19;28:14
**employed (1)**
21:22
**employees (1)**
24:19
**enables (1)**
4:15
**engaged (1)**
21:25

**English (1)**
9:10
**enter (2)**
11:3;30:15
**entered (1)**
27:24
**entering (2)**
15:15;17:7
**enterprise (1)**
22:14
**entirely (2)**
17:14;27:16
**entitled (3)**
16:1,7,11
**entrepreneurial (1)**
22:15
**ENZER (20)**
2:5,6;13:12,13;
14:10,13;20:24,25;
27:11;28:21,24;29:8,
20,21;30:6,7,25;31:5,
17,24
**error (1)**
13:9
**establish (5)**
23:22;24:14,19;
26:12;29:6
**establishing (5)**
24:9;25:4;26:9,16,21
**ether (1)**
14:1
**even (2)**
16:19;17:18
**everyone (2)**
3:21;31:23
**evidence (9)**
16:15;20:9,22;23:24;
24:9,15,16;27:4;29:6
**example (2)**
24:25;28:8
**exchange (1)**
27:7
**exchanged (1)**
26:19
**execution (1)**
23:18
**executive (3)**
27:25;28:5,10
**executives (3)**
24:18;25:16;28:3
**exist (2)**
25:15,17
**existed (1)**
23:11
**existence (3)**
21:5;22:21;24:20
**expect (1)**
22:14
**expected (1)**
19:3
**experience (1)**
28:6
**explain (2)**

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 12 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a                                                                                      June 16, 2020

15:13;18:15
**extremely (1)**
    4:3

**F**

**face (1)**
    14:18
**facilities (1)**
    4:3
**fact (9)**
    6:4;7:17;14:22;
    20:15;21:6,23,24;
    22:22;26:16
**factors (1)**
    19:14
**facts (7)**
    24:3,10,10,14;25:4;
    26:12;29:1
**factual (2)**
    29:3;30:18
**fake (1)**
    28:3
**false (4)**
    7:12;23:12;25:11,13
**falsely (2)**
    28:2,11
**falsity (1)**
    26:9
**far (3)**
    2:23;9:12;10:3
**Farkas (38)**
    2:12,12,16,18,20,22;
    4:22;5:11,12,22;7:5;
    9:5;13:14;14:12,15;
    15:12;20:12;21:9;
    22:25;24:11,21;25:2,5,
    10,19;26:1,15,19,25;
    27:5,12;28:19,24;
    29:11,14,23;30:2;
    31:11
**Farkas's (2)**
    29:4;30:12
**fashion (1)**
    5:17
**FBI (1)**
    2:8
**feasible (1)**
    31:10
**federal (6)**
    11:18,21;12:15,18;
    13:18;27:2
**feel (2)**
    10:5,6
**few (1)**
    19:18
**fictitious (3)**
    27:25;28:1,10
**filed (1)**
    24:6
**financial (2)**
    28:2,13
**find (2)**

4:1;30:14
**finding (1)**
    4:14
**findings (1)**
    3:20
**fine (3)**
    11:21;12:18;20:4
**First (7)**
    15:16;21:1,5,20;
    22:21;23:11;24:17
**five (3)**
    11:19;12:17;20:3
**Florida (1)**
    25:23
**follow (1)**
    28:22
**following (5)**
    21:4,18,21;22:19;
    23:9
**force (1)**
    18:1
**foreign (1)**
    12:12
**forfeit (1)**
    13:17
**forfeiture (4)**
    13:16;29:22,24;30:3
**forgive (1)**
    29:22
**form (4)**
    6:2,7,10;31:1
**formally (1)**
    11:3
**forth (2)**
    13:21;24:3
**four (1)**
    19:2
**fraud (17)**
    11:13;12:11;21:2,8,
    16;22:1,17,24;23:7;
    24:12,12,20;25:6,7,20;
    27:21,21
**fraudulent (11)**
    11:17;12:14;22:7;
    23:13,16;25:25;26:4,6,
    10,15,17
**free (4)**
    6:17;16:4;19:8;
    20:13
**front (3)**
    6:1;8:18,20
**full (2)**
    9:3;10:22
**fully (1)**
    30:14
**funds (4)**
    11:14;12:12;26:13;
    27:22
**further (8)**
    4:11;28:7,13;29:17;
    30:7;31:15,17,19
**furtherance (7)**
    21:13;22:7;23:4,24;

24:23;25:21;27:8
**future (1)**
    14:24

**G**

**gain (2)**
    11:22;12:19
**given (2)**
    3:20;31:14
**giving (6)**
    5:2;8:10;15:14;17:8;
    19:23;20:8
**goal (3)**
    21:17;23:8;28:14
**goals (1)**
    28:7
**God (1)**
    7:7
**Good (10)**
    2:5,10,11,17,19,20,
    21;10:6,7;31:23
**Goodbye (1)**
    31:25
**government (25)**
    2:6,7;8:5;15:22;
    16:8;20:8,20;21:3,18;
    22:18;23:9,23;24:3,7,8,
    16;27:9;28:25;29:3,6;
    30:7,21,25;31:15,17
**government's (8)**
    24:5;25:24;26:8,10,
    18,23;27:3;31:8
**graduate (1)**
    9:14
**grand (3)**
    8:6,11,13
**greatest (2)**
    11:21;12:18
**gross (4)**
    11:22,22;12:19,20
**guideline (1)**
    19:9
**guidelines (3)**
    18:24;19:2,14
**guilt (2)**
    15:23;29:6
**guilty (30)**
    5:6;6:17,18,18;9:1,1,
    2;11:1;12:5,5,6;13:1,1,
    2,15;14:22;15:3,15,17,
    21;17:8,10,20,23;
    18:20;24:11;27:13;
    29:12,14,15

**H**

**habeas (1)**
    19:25
**harm (1)**
    4:11
**hear (3)**
    2:22,25;3:3

**hearing (1)**
    2:14
**help (1)**
    7:7
**helpful (1)**
    20:10
**higher (1)**
    17:5
**hire (1)**
    16:3
**Honor (100)**
    2:5,11,17,21,24;3:6;
    4:21;5:8,15,20;6:9,13,
    21;7:8,13,19,22,25;8:3,
    8,12,14,17,24;9:2,9,11,
    13,17,21,24;10:1,4,6,9,
    11,14,18,21,24;11:2,5;
    12:3,6,24;13:2,6,13,24;
    14:6,9,13,19;15:1,7,11,
    19,24;16:5,10,13,16,
    21,24;17:2,6,12,17,21,
    25;18:4,9,11,14,17,21;
    19:5,11,20;20:1,6,11,
    14,18,25;27:19;28:20,
    24;29:8,13,16,21,21;
    30:5,8,11;31:6,18,21,
    24

**I**

**identifies (1)**
    3:10
**identify (2)**
    2:15;3:9
**illegal (1)**
    28:17
**illness (1)**
    9:19
**immigration (1)**
    15:3
**impact (1)**
    18:25
**important (2)**
    3:2;7:1
**impressive (2)**
    25:16;28:3
**imprisonment (5)**
    12:16;13:4,5;14:18;
    19:17
**Inc (1)**
    27:24
**include (9)**
    22:8;24:17,25;25:24;
    26:8,11,18,23;27:4
**including (8)**
    4:23;17:9;22:10;
    24:24;25:5,10,13;26:4
**incorporate (1)**
    29:1
**Incorporated (3)**
    11:15;24:3;29:2
**indicated (1)**
    27:10

**indict (1)**
    8:7
**indictment (7)**
    7:15,18,24;8:2,5,10;
    24:4
**indirectly (1)**
    18:2
**induce (1)**
    25:12
**influence (2)**
    9:23;18:2
**information (28)**
    4:23;8:15,20,23;9:1;
    10:8,16;11:7,8,8,11;
    12:1,5,8,23;13:1,15;
    15:17;17:24;20:17;
    21:3;22:18,22;23:25;
    24:5,13;30:4,20
**informed (1)**
    30:15
**initial (2)**
    11:17;12:14
**innocent (1)**
    15:22
**instrumentality (1)**
    22:6
**instruments (1)**
    22:10
**insufficient (1)**
    4:4
**intend (1)**
    8:25
**intent (4)**
    22:4,4;23:16;26:22
**interest (2)**
    4:12;14:4
**international (1)**
    23:19
**internet (1)**
    26:1
**interstate (3)**
    12:11;22:6;23:19
**interview (1)**
    31:12
**interviews (1)**
    26:5
**into (3)**
    25:8;26:3;27:24
**investing (1)**
    28:4
**investment (6)**
    22:8,10,10,12,13;
    27:1
**investors (13)**
    11:14;12:13;25:3,8,
    13;26:2,3,6,11,13,22,
    25;27:22
**issue (1)**
    16:18
**issued (7)**
    3:25;11:16;12:13;
    25:8;26:3,14;27:23

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 13 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a
June 16, 2020

**J**

Jessica (3)
    28:2,10,12
joined (1)
    24:21
Judge (16)
    3:12,13,25;4:13,13;
    5:24,25;6:2,5;17:15,
    15;19:6,13,15,22;30:22
judges (1)
    4:7
July (3)
    11:12;12:10;27:20
June (2)
    4:12;18:5
jury (4)
    8:6,11,13;15:18
justice (1)
    4:12

**K**

keep (1)
    3:17
kind (1)
    9:20
KLEIN (2)
    2:16,16
knew (2)
    27:24;28:16
Knowing (2)
    17:22;25:19
knowingly (8)
    21:9,12;22:3,25;
    23:3,14;24:21;26:21
knowledge (1)
    23:16
known (1)
    18:24
knows (1)
    3:21
Kristen (1)
    2:8

**L**

last (1)
    18:10
law (8)
    11:18,21;12:15,18;
    13:18;14:21;17:16;
    18:23
lawful (1)
    20:4
laws (1)
    27:3
lawyer (1)
    5:24
least (6)
    11:12;12:9;21:12;
    23:3,19;30:13

led (1)
    22:14
less (3)
    19:23;20:4;22:9
letter (7)
    18:5,8,16,19;19:7,
    10;20:7
licenses (1)
    25:18
life (2)
    21:13;23:4
limine (1)
    24:5
limited (3)
    4:4,6;17:16
line (3)
    2:14;3:15,17
LinkedIn (1)
    28:9
listen-only (1)
    3:16
Loss (3)
    2:7;11:22;12:20

**M**

magistrate (2)
    5:25;6:2
magistrate's (1)
    6:6
mails (1)
    22:6
makes (2)
    22:13;27:13
making (1)
    7:11
managerial (1)
    22:15
mandatory (2)
    11:24;12:21
many (1)
    19:14
material (2)
    21:23,24
materiality (1)
    26:17
materially (1)
    25:11
matter (2)
    15:5;19:12
maximum (8)
    11:19,20,20;12:16,
    17,18;13:3;19:17
may (9)
    3:1;7:10;8:6,7;
    13:11;14:23;18:24;
    19:8;30:24
mean (1)
    20:13
means (3)
    14:23;23:12;26:2
medication (1)
    9:25

member (6)
    3:16;21:10,11;23:1,
    2;26:5
members (3)
    24:22;25:9,23
mental (1)
    9:19
messages (3)
    25:22;26:19;28:14
met (1)
    4:24
Michael (1)
    28:1
midst (1)
    3:22
mind-altering (1)
    9:23
minute (1)
    6:22
minutes (1)
    19:18
misleading (2)
    21:25;25:11
misrepresentations (8)
    11:18;12:15;25:12,
    25;26:6,10,15,17
money (2)
    23:12;25:17
months (2)
    19:3,23
more (5)
    21:7,21;22:23;23:12;
    24:16
morning (8)
    2:5,10,11,17,19,20,
    21;4:7
motions (1)
    24:5
much (1)
    31:22
must (2)
    4:10;14:21
mute (2)
    3:17,17

**N**

name (4)
    3:9;9:4,5;28:10
named (2)
    28:1,2
narcotic (1)
    9:19
nature (2)
    23:16;30:16
need (1)
    7:3
needed (1)
    28:6
needs (2)
    28:22;30:10
Negar (1)
    2:7

New (8)
    23:22;24:1,14,25;
    25:22;27:7;28:15,15
next (2)
    31:10,13
normal (1)
    31:8
note (5)
    3:7;4:8;13:7;18:23;
    28:25
number (3)
    4:25,25;25:18

**O**

oath (2)
    7:4,10
object (2)
    21:17;23:8
obligation (1)
    8:2
observation (1)
    30:13
obtain (1)
    14:3
obtained (1)
    13:22
obviously (1)
    3:3
occurred (2)
    23:19;24:1
October (1)
    27:20
offense (4)
    11:22,23;12:19,21
offenses (4)
    13:20;20:15,21;
    23:25
offer (2)
    24:8,17
offered (1)
    20:22
offering (2)
    11:17;12:14
office (1)
    2:13
officer (3)
    28:1,2,13
old (2)
    9:6,7
omissions (3)
    11:18;12:15;25:12
omitted (1)
    21:23
one (22)
    5:2;11:11,25;12:4;
    13:9;16:3;17:23;19:9,
    14;20:16;21:2,6,12,17,
    21;23:3,11,19,25;
    24:13;30:3,19
only (3)
    17:10,16;22:8
open (1)

3:15
operate (1)
    22:1
operated (1)
    22:1
opportunity (1)
    10:22
order (7)
    4:12,14;14:8;18:19;
    28:4,8;30:21
orders (1)
    3:25
others (2)
    22:15;27:21
otherwise (2)
    5:17;16:19
out (1)
    31:2
outset (2)
    3:20;24:2
over (3)
    4:22;5:1;29:21
overt (4)
    21:12;23:3;24:23,24
own (5)
    6:17;16:12;19:8;
    20:13;27:13

**P**

page (5)
    13:9;18:10;19:2;
    20:3;28:9
pandemic (1)
    3:22
papers (1)
    26:4
paperwork (1)
    30:23
part (8)
    11:16;12:13;14:15;
    15:9;18:23;25:7,9;26:2
participant (1)
    25:20
participated (1)
    23:15
participation (1)
    28:16
parties (1)
    3:8
partnerships (1)
    25:14
Paul (1)
    2:11
pause (1)
    13:7
pay (1)
    14:8
penalties (4)
    11:9;12:1,23;29:22
people (2)
    21:7;22:23
perjury (1)

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 14 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a                                                                                June 16, 2020

7:11
**permitted (1)**
  29:11
**person (3)**
  3:9;4:24;22:13
**personal (1)**
  13:19
**personally (2)**
  13:21;14:3
**persons (4)**
  4:5;11:23;12:20;
  23:12
**PETRUZZI (13)**
  2:11,12;3:5;4:18,21;
  5:8;6:11;29:9,13;30:9,
  11;31:6,21
**phone (3)**
  4:25;25:21;28:14
**phonetic (1)**
  2:9
**photograph (3)**
  28:9,11,12
**place (1)**
  7:3
**placed (1)**
  14:16
**plea (30)**
  2:13;4:9,16,20,23;
  5:3,6,23;6:1,5,7;7:2;
  11:3;13:8,25;14:22;
  15:3,4,15;17:8,10,20;
  18:7,22;20:3,12;30:15,
  17,17,19
**plead (10)**
  8:25;10:17;12:4,25;
  15:17,21;17:23;18:2,
  20;29:12
**pleading (5)**
  6:17,18;11:1;13:15;
  29:14
**pleadings (1)**
  4:23
**please (9)**
  2:15;3:2,5,9,18;4:18;
  6:25;9:3;27:12
**point (3)**
  3:12;13:12;23:15
**posted (1)**
  28:9
**practicable (1)**
  31:14
**practice (1)**
  21:25
**preliminarily (1)**
  3:14
**preparation (1)**
  15:9
**prepare (1)**
  4:19
**prepared (1)**
  31:1
**preponderance (2)**
  23:23;24:15

**present (5)**
  2:12;5:10,18;8:6;
  16:15
**presented (1)**
  8:11
**presentence (1)**
  31:9
**press (2)**
  3:15,17
**presumed (1)**
  15:22
**pretenses (1)**
  23:13
**pretty (1)**
  10:6
**prevail (1)**
  29:10
**previously (1)**
  28:25
**prison (3)**
  18:25;19:16,23
**privately (1)**
  3:5
**probation (2)**
  31:10,12
**proceed (5)**
  4:15;5:6,16;6:2,14
**proceeded (1)**
  24:7
**proceeding (14)**
  3:2,11,21,23;4:2,11,
  16;5:10;6:15,24;7:10;
  15:9;16:2;30:22
**proceedings (2)**
  3:19;29:19
**proceeds (1)**
  13:19
**proffer (1)**
  29:2
**proffered (2)**
  29:1;30:19
**proffers (2)**
  24:7;29:3
**profits (1)**
  22:14
**prohibited (1)**
  3:19
**promises (2)**
  18:19;23:13
**promoters (1)**
  22:15
**proof (9)**
  24:2,9;25:24;26:8,
  10,18,23;27:3,9
**properly (1)**
  3:10
**property (2)**
  13:18;23:12
**prosecute (1)**
  8:5
**prosecution (1)**
  7:11
**prove (10)**

15:23;21:3,15,18;
  22:19;23:6,9,23;24:11;
  29:1
**provide (1)**
  16:3
**provided (2)**
  3:24;26:13
**psychiatrist (1)**
  9:16
**public (5)**
  3:15,16;8:22;15:18;
  28:4
**purchase (1)**
  21:20
**purchaser (1)**
  22:2
**purported (1)**
  28:12
**purpose (1)**
  6:15
**purposes (2)**
  28:22;31:9
**pursuant (4)**
  3:25;11:21;12:18;
  13:18

**Q**

**qualifications (1)**
  28:5
**qualified (1)**
  25:15
**qualify (1)**
  27:1

**R**

**raise (3)**
  11:14;12:12;27:22
**ramifications (1)**
  6:4
**range (5)**
  19:2,9,13,14,17
**Raz (1)**
  2:8
**read (5)**
  9:10;10:10;18:8;
  27:15,16
**reading (1)**
  8:22
**ready (1)**
  11:3
**real (1)**
  13:18
**realize (1)**
  8:9
**reason (3)**
  6:19;9:16;29:11
**reasonable (7)**
  15:23;21:4,19;22:19;
  23:10;24:11;29:7
**reasonably (1)**
  4:2

**receipt (1)**
  31:1
**received (1)**
  15:4
**recently (2)**
  9:15,18
**recommend (1)**
  30:19
**recommendation (1)**
  30:24
**record (2)**
  3:7;27:17
**recording (1)**
  3:18
**recordings (1)**
  26:4
**refer (1)**
  11:7
**reference (4)**
  13:25;24:3;29:1,3
**referred (1)**
  6:6
**regarding (1)**
  15:5
**regardless (2)**
  15:3,4
**release (5)**
  11:20;12:17;14:16,
  17;20:5
**relevant (1)**
  4:22
**remaining (1)**
  17:11
**removed (1)**
  14:23
**repeats (1)**
  13:9
**report (1)**
  31:9
**reporter (2)**
  3:10;27:17
**represent (1)**
  29:5
**representation (1)**
  10:20
**representations (1)**
  23:13
**represented (3)**
  16:1;28:3,11
**request (1)**
  31:2
**requesting (1)**
  31:1
**required (1)**
  16:23
**requires (1)**
  17:16
**resources (1)**
  4:6
**respect (7)**
  13:16;14:11;21:1,1;
  22:17;24:2;30:3
**responses (1)**

30:13
**restitution (1)**
  14:8
**result (3)**
  3:22;15:15;19:8
**resulting (2)**
  11:23;12:20
**retain (1)**
  16:3
**review (4)**
  11:6,8;12:7;14:11
**reviewed (3)**
  5:13;17:9,22
**reviewing (2)**
  13:8;18:22
**right (31)**
  2:1,19,25;3:7;5:4,17,
  21,23;6:5;8:10,17,19;
  10:5;13:14;14:3,10,14;
  15:12,16,18;17:5,9;
  19:24;20:8;29:5,17;
  30:12;31:3,7,19,22
**rights (6)**
  5:2,10;6:16;15:13,
  14;17:8
**Robert (2)**
  2:12;9:5
**Robinson (3)**
  28:2,10,12

**S**

**safe (1)**
  31:23
**sale (3)**
  11:15;12:13;21:20
**Sam (1)**
  2:17
**same-day (1)**
  31:1
**Samson (1)**
  2:6
**satisfied (2)**
  10:19;30:17
**saying (1)**
  27:18
**scheduled (1)**
  31:3
**scheme (10)**
  11:14;12:11;21:22;
  22:13,16;23:11,15,18;
  25:7;27:22
**Schofield (9)**
  3:12;4:13;6:5;17:15;
  19:6,13,22;30:23;31:3
**school (1)**
  9:12
**Second (4)**
  21:9;22:3,25;23:14
**Section (2)**
  3:24;4:8
**securities (12)**
  11:13,16;21:2,8,16,

21;24:12,20;25:6;27:2,
  3,21
**security (1)**
  22:7
**seize (1)**
  14:1
**seized (1)**
  14:4
**seller (1)**
  22:2
**selling (1)**
  27:23
**send (1)**
  31:2
**senior (1)**
  25:15
**sent (2)**
  25:22;28:15
**sentence (11)**
  11:19;12:16;14:16;
  17:14,19;19:15,16,17,
  22,24;20:5
**sentencing (7)**
  17:11,15;18:24,24;
  19:2,13;31:4
**series (1)**
  7:3
**serious (1)**
  4:11
**set (2)**
  13:21;24:3
**showing (3)**
  26:13,24;27:4
**side (1)**
  29:18
**sign (3)**
  6:10;7:17;18:10
**signed (6)**
  5:11,14;6:3;7:15,20;
  18:12
**signing (3)**
  6:6;7:24;8:9
**sister (1)**
  28:9
**sister's (1)**
  28:11
**sit (1)**
  9:22
**slowly (1)**
  27:17
**so-called (2)**
  11:17;22:10
**sold (1)**
  26:25
**solicit (1)**
  26:6
**soon (1)**
  31:13
**Southern (6)**
  23:22;24:1,14,24;
  25:22;27:7
**speaks (1)**
  3:9

**Special (3)**
  2:8;11:24;12:21
**specific (2)**
  4:14;23:16
**specifically (2)**
  5:5;24:16
**speedy (1)**
  15:18
**spoke (1)**
  19:18
**stage (1)**
  16:2
**stages (1)**
  16:1
**standing (1)**
  3:24
**state (1)**
  21:23
**statement (3)**
  21:23;27:15;28:18
**statements (2)**
  7:9,12
**States (10)**
  5:23,25;9:8;13:17;
  14:21,22,23,24;19:1;
  25:18
**stay (1)**
  31:23
**step (1)**
  17:11
**still (4)**
  14:21;17:4,19,23
**stocks (1)**
  22:9
**styled (1)**
  11:16
**subject (1)**
  15:8
**submit (1)**
  30:22
**subpoenas (1)**
  16:18
**substantive (2)**
  21:16;23:7
**succeed (1)**
  28:6
**sufficient (2)**
  29:4,6
**summarize (1)**
  20:20
**summary (2)**
  27:10;31:8
**superseding (12)**
  4:23;8:19,23;9:1;
  10:8,16;11:7;17:24;
  20:16;24:4;30:4,20
**supervised (4)**
  11:20;12:17;14:16;
  20:5
**supporting (1)**
  26:11
**sure (5)**
  3:9;5:1;6:3,15,17

**surprised (1)**
  17:19
**swear (1)**
  7:5

**T**

**TALKIN (2)**
  2:17,17
**talking (1)**
  3:1
**team (1)**
  28:5
**Tech (19)**
  11:15;12:12;24:19;
  25:3,5,8,12,14,15,17;
  26:4,13,14,22,25;
  27:24;28:5,10,13
**Tech's (2)**
  11:17;12:14
**Tekeei (1)**
  2:7
**teleconference (1)**
  3:15
**telephone (5)**
  3:8,23;4:10,16;5:7
**telephonically (1)**
  3:21
**ten (2)**
  13:4;19:18
**term (8)**
  11:20;12:17;13:4;
  14:16,18;18:25;19:23;
  22:7
**terms (3)**
  5:3;18:16;19:21
**testify (6)**
  16:8,12,19,23,25;
  25:4
**testimony (7)**
  24:8,18;25:1;26:9,
  11,24;27:4
**thereafter (1)**
  31:13
**therefore (2)**
  7:3;27:2
**third (4)**
  21:11;22:5;23:2,18
**threats (1)**
  18:1
**three (4)**
  11:20;12:17;21:4;
  22:19
**times (1)**
  4:25
**title (1)**
  14:3
**today (10)**
  4:20;6:7,15;7:10;
  9:22;10:5;15:9,15;
  17:8;18:3
**together (1)**
  30:23

**tokens (10)**
  11:16;12:13;25:8,13;
  26:3,7,14,24;27:6,23
**told (1)**
  5:24
**took (1)**
  28:6
**top (2)**
  13:9;19:2
**total (1)**
  13:3
**traceable (1)**
  13:20
**trade (1)**
  27:6
**transaction (1)**
  22:12
**transcript (4)**
  3:11,11;30:22;31:1
**transmitted (1)**
  3:12
**transmitter (1)**
  25:17
**treated (1)**
  9:18
**trial (21)**
  15:18,21;16:2,7,15,
  23;17:4,4,9;20:23;
  21:4;24:2,8,9,17;
  25:24;26:18;27:3,10;
  29:1,10
**truth (4)**
  7:6,6,7,12
**try (1)**
  27:16
**twice (4)**
  11:21,22;12:19,20
**two (21)**
  6:22;11:6,9;12:7,22,
  25;13:9,10,15,21;
  17:23;20:16;21:7;
  22:18,22,23;23:8,25;
  24:13;30:4,19
**typographical (1)**
  13:8

**U**

**under (10)**
  4:1,8;7:4,10;8:1;
  9:16,22;19:21;21:24;
  27:2
**understands (2)**
  5:1;30:16
**United (8)**
  5:23,24;9:8;13:17;
  14:21,22,23,24
**units (2)**
  14:1,4
**unregistered (1)**
  11:15
**untrue (1)**
  21:23

**up (9)**
  5:3;8:10;15:14;17:8,
  14,19,17,23;20:8;
  28:22
**upon (1)**
  22:2
**use (4)**
  4:5,5;12:11;23:19
**used (8)**
  7:11;17:1;18:1;22:5,
  6;24:18;25:1;27:5

**V**

**value (1)**
  22:14
**various (5)**
  24:18,22;25:23;
  26:13;28:6
**vehicles (1)**
  22:9
**venue (2)**
  23:22;24:14
**via (1)**
  26:1
**victim (2)**
  26:11,13
**victims (1)**
  14:8
**video-conference (1)**
  4:10
**video-conferencing (3)**
  4:1,3,5
**violate (1)**
  14:17
**violation (2)**
  11:18;12:15
**voluntary (2)**
  20:12;30:17

**W**

**waive (3)**
  8:2,4,22
**waiver (5)**
  5:10;7:14,17,24;8:9
**waivers (1)**
  4:24
**wants (1)**
  8:5
**way (3)**
  19:25;21:15;23:6
**what's (1)**
  18:18
**whereby (1)**
  22:13
**white (1)**
  26:4
**whole (1)**
  7:6
**who's (1)**
  3:13
**willfully (6)**

Case 1:18-cr-00340-LGS   Document 347-1   Filed 06/16/20   Page 16 of 16
UNITED STATES OF AMERICA, v.
ROBERT FARKAS, a/k/a
June 16, 2020

21:10;22:3;23:1,14;
24:21;26:21
**willing (3)**
  5:6,16;25:19
**wire (10)**
  12:11,12;22:17,23;
  23:7,19;24:12,20;25:7;
  27:21
**wish (10)**
  3:4;4:5;5:25;6:25;
  10:16;12:4,25;15:18;
  16:19;17:23
**wishes (2)**
  20:21;29:18
**withdraw (1)**
  17:10
**withheld (1)**
  20:9
**within (2)**
  24:1;31:10
**without (1)**
  4:11
**witness (8)**
  24:8;25:1,3,6,10;
  26:8,23;27:4
**witnesses (4)**
  16:8,14,18;24:18
**words (2)**
  21:6;27:13
**working (1)**
  31:2
**writ (1)**
  19:25
**write (1)**
  9:10
**wrong (1)**
  28:17

### Y

**years (7)**
  9:7;11:19,20;12:17,
  18;13:4;19:18
**York (8)**
  23:22;24:1,15,25;
  25:23;27:7;28:15,15

### 1

**14 (2)**
  31:10,13
**15002 (1)**
  3:24
**15002b2A (1)**
  4:9
**15th (2)**
  4:12;18:6

### 2

**2017 (4)**
  11:12;12:10;27:20,
  20
**2018 (2)**
  11:13;12:10
**2020 (2)**
  4:12;18:6

### 3

**30th (1)**
  27:20
**33 (1)**
  9:7

### 5

**5th (1)**
  27:20

### 7

**70 (1)**
  19:3

### 8

**87 (2)**
  19:3,23