LAW OFFICES

# PAUL D. PETRUZZI, P.A.

PENTHOUSE 701
THE BANK BUILDING
8101 BISCAYNE BOULEVARD
MIAMI, FLORIDA 33138

PAUL D. PETRUZZI
BEATRIZ D. VAZQUEZ
E-mail: petruzzi-law@msn.com

TELEPHONE (305) 373 - 6773

TELECOPIER (305) 373 - 3832

November 25, 2020

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

**VIA E-MAIL: Schofield_NYSDChambers@nysd.uscourts.gov**

    Re:    *United States v. Sharma, et al.*,
            Case No. 18-CR-340 (LGS)

Your Honor,

Dear Judge Schofield,

      The Defendant, Robert Farkas, with the consent of counsel for the Government, respectfully requests permission to conduct his sentencing remotely and to supplement the record with a brief video submission recorded by his immediate family. These requests are necessitated by the ongoing Covid-19 pandemic.

      Mr. Farkas is scheduled for sentencing on December 15, 2020. He was arrested on April 1, 2018, indicted on May 14, 2018, and pleaded guilty on June 16, 2020. Mr. Farkas resides in Florida, and since his release on bail, he has abided by stringent release conditions including home confinement with electronic monitoring.[1] Mr. Farkas' proceedings have been impacted by the pandemic for the past year and the parties desire to proceed with sentencing as it is presently scheduled.

      The United States now appears to be experiencing a drastic spike in the exponential community spread of the Covid-19 virus nationwide. Mr. Farkas' family resides in Florida and New Jersey, undersigned counsel resides in Florida, and co-counsel resides in California.

      New York, Florida, New Jersey, and California are among the hardest hit states. Mr. Farkas' New York counsel is presently quarantined due to exposure to the virus and his Florida counsel was quarantined earlier this month. New York City schools are now closed.

---

[1] In June of 2020, Mr. Farkas's bond was modified by removing the condition of electronic monitoring.

1

Given that in-court proceedings could be potentially suspended and the difficulties and risks associated with travel to New York for court by Mr. Farkas, his counsel, and his immediate family, even if in-court proceedings remain permissible, Mr. Farkas, with the consent of the government, is seeking two accommodations. First, Mr. Farkas respectfully requests that he be permitted to conduct his sentencing hearing remotely via video.

Given the foregoing, Mr. Farkas also requests that he be permitted to supplement his sentencing submissions with a brief sentencing video recorded by Mr. Farkas' immediate family. To be sure, and were these normal times, Mr. Farkas' family would be present with him in Your Honor's courtroom at his sentencing hearing. You would be able to observe his immediate family and hear from them in person if you so desired. Indeed, to the extent that Mr. Farkas' family background is intertwined with his own personal history and characteristics, they are an integral component of this Court's sentencing mandate.

Unfortunately, the ongoing pandemic will likely prevent Mr. Farkas' family from attending court in person and the Court will not be able to observe them as it would normally. Indeed, even were the Court to agree to allow Mr. Farkas and his counsel to participate by video remotely, his family will be not be present. Accordingly, Mr. Farkas respectfully requests that this Court accept a brief video submission from his family in his support. Video submissions have been filed in support of sentencing. *See United States v. Sant Chatwal*, Case No. 14-CR-143, ECF No. 25 (E.D.N.Y. November 5, 2015); *United States v. Randy Rivera*, Case No. 13-CR-00006, ECF No. 83 (D. VT. February 18, 2014); *United States v. Don Ayala*, Case No. 08-CR-00474 (D. VA. May 8, 2009); *United States v. Robert Rosploch*, Case No. 12-CR-00021, (D. VT. January 10, 2013).

Counsel for the Government does not oppose the request for a remote sentencing provided the defendant makes a sufficient showing under the Cares Act for doing so. Further, the Government takes no position on the defense request to submit a video from Mr. Farkas's family in support of Mr. Farkas's sentencing.

Application Granted in part. Whereas this Court does not ordinarily permit family members to speak at sentencing hearings and Defendant has provided the Court with many letters from family, friends, and others, this application is DENIED. Defendant may submit any additional letters or other materials for the Court's sentencing consideration by filing them on the public docket.

The sentencing hearing currently scheduled for December 15, 2020, will be conducted via videoconference. The defendant, his counsel and counsel for the Government are directed to appear and will be provided with call-in instructions via email. Members of the press and public may dial into this hearing using conference call number (888) 363-4749, and access code 558-3333.

The Clerk of the Court is directed to terminate the letter motion at docket number 417.

Dated: December 7, 2020
New York, New York

Sincerely,

s/ Paul Petruzzi
Paul D. Petruzzi, Esq.
Counsel for Robert Farkas

s/ Brian Klein
Brian Klein, Esq.
Counsel for Robert Farkas

s/ Sam Talkin
Sam Talkin, Esq.
Counsel for Robert Farkas

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**