

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 22, 2020

**VIA ECF AND EMAIL**
Honorable Lorna B. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  *United States* v. *Sohrab Sharma, et al.*, 18 Cr. 340 (LGS)

Dear Judge Schofield:

      The Government respectfully submits this letter regarding the Court's request for status updates concerning the contemplated remission program to compensate victims in this matter.

      As the Court is aware, the United States Attorney General has the discretionary authority, currently delegated to the Chief of the Department of Justice's Money Laundering and Asset Recovery Section ("MLARS"), to distribute judicially forfeited assets to victims, and we have confirmed that MLARS intends to work with this Office to create a remission program for this case.  As discussed during the December 15, 2020 sentencing of defendant Robert Farkas, this process cannot commence until the entry of final orders of forfeiture.

      In 2018, the Government seized 100,000 Ether units in fraud proceeds (the "Seized Ether Units") from defendant Sohrab Sharma's Ether wallet, which the Government subsequently sold pursuant to the Court's Order of September 24, 2020.  The Government is currently in possession of $33,422,373.45 representing the net proceeds from the sale of the Seized Ether Units (the "Ether Sale Proceeds").  On November 11, 2020, the Court entered a consent preliminary order of forfeiture against Sharma (the "Sharma POOF") with respect to the Ether Sale Proceeds and a money judgment in the amount of $36,088,960.[1]  On or about November 17, 2020, following entry of the Sharma POOF, the Government commenced publication of a forfeiture notice to notify potential third-party claimants who may purport to have an interest in the Ether Sale Proceeds.  In the event that no third parties assert claims as to the Ether Sale Proceeds by the expiration of the 60-day notice period on or about January 16, 2021, the Court will then be in a position to enter a final order of forfeiture, as required to include the Ether Sale Proceeds in the planned remission program.  Additionally, on or about October 13, 2020, the Government filed a proposed consent order of forfeiture and money judgment in the amount of $347,062.58 against Farkas (the "Farkas POOF").  Following the Court's entry of the Farkas POOF, the Government will notify potential

---

[1] Pursuant to the Sharma POOF, upon the Court's entry of a final order of forfeiture as to the Ether Sale Proceeds, $29,000,000 shall be applied in partial satisfaction of the Money Judgment, leaving $7,088,960 outstanding under the Money Judgment.

third-claimants who may claim to have an interest in the specific property identified in the Farkas POOF.

The pool of forfeited funds potentially available to compensate victims pursuant to a remission program will not be known until the entry of final orders of forfeiture.  We understand that MLARS is currently planning for the selection of a claims administrator after final orders of forfeiture are entered.  The claim administrator will manage the process of notifying potential victims, processing petitions, verifying losses, and recommending a distribution of available funds to MLARS (which has sole discretion as to which victims ultimately receive remission and in what amounts).

In light of the complex nature of this process and uncertainties relating to, among other things, the number potential victims that will file petitions, it is difficult to project a timetable for compensating victims at this juncture.  However, based on the past experience of MLARS and this Office, large scale remission programs of this nature may take several years to complete.  Accordingly, the Government respectfully suggests that we provide periodic reports every six months to apprise the Court regarding the establishment and operation of the remission process, beginning six months following the entry of a final order of forfeiture as to the Ether Sale Proceeds.

Respectfully submitted,

ILAN T. GRAFF
Attorney for the United States
Acting Under 28 U.S.C. § 515

by:  _/s/_____
Samson Enzer/Negar Tekeei/Daniel Loss
Assistant United States Attorneys
212-637-2342/ -2482/ -6527

cc: All counsel of record