```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
    UNITED STATES OF AMERICA                      :  CONSENT PRELIMINARY ORDER
                                                  :  OF FORFEITURE AS TO SPECIFIC
              - v. -                              :  PROPERTY/MONEY JUDGMENT
                                                  :
                                                  :  S2 18 Cr. 340 (LGS)
    ROBERT JOSEPH FARKAS,                         :
         a/k/a "RJ,"                              :
                                                  :
                          Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about June 15, 2020, defendant ROBERT JOSEPH FARKAS, a/k/a "RJ" (the "Defendant"), was charged in a two-count superseding Information, S2 18 Cr. 340 (LGS) (the "Information"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One) and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371 (Count Two), arising from a scheme to defraud investors in a company called Centra Tech, Inc. ("Centra Tech");

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, on or about June 16, 2020, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information that the Defendant personally obtained;

WHEREAS, the Defendant consents to the entry of a money judgment against him in the amount of $347,062.58 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information that the Defendant personally obtained;

WHEREAS, the Defendant has never claimed to have any right, title or interest in any of the 100,000 Ether units that the Federal Bureau of Investigation (the "FBI") seized in 2018 from a digital wallet with the public address of 0xda6f983076725cb2899205a16e16d1ed60a0067a pursuant to judicially authorized seizure warrants (the "Seized Ether Units"), and the Defendant hereby represents and agrees that he has no right, title or interest in any of the Seized Ether Units;

WHEREAS, the Defendant has never claimed to have any right, title or interest in any of the Centra Tech-owned computers and other electronic devices that Centra Tech provided to the FBI in April 2018 (the "Centra Tech Devices"), and the Defendant hereby represents and agrees that he has no right, title or interest in any of the Centra Tech Devices;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title, and interest in one Rolex watch (Serial #333152C4; Model #326933) that the Defendant personally obtained as a gift from one of his co-defendants, namely SOHRAB SHARMA, after SHARMA purchased the Rolex with proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information (the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts or omissions of the Defendant, proceeds traceable to the offenses charged in Counts One and Two of the Information

2

that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by ILAN T. GRAFF, Attorney for the United States acting under authority conferred by 28 U.S.C. § 515, his of counsel, Assistant United States Attorneys Samson Enzer, Negar Tekeei and Daniel Loss, and the Defendant and his attorneys, Paul Petruzzi, Esq., Sanford Talkin, Esq., and Brian E. Klein, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $347,062.58 (the "Money Judgment") in United States currency, representing the amount of proceeds traceable to those offenses that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the

Defendant and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. The Defendant shall not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property, the Seized Ether Units, and/or the Centra Tech Devices and he shall not cause or assist anyone else in doing so.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, ATTN: Money Laundering and Transnational Criminal Enterprises Unit, One Saint Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

6. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a petition

within sixty (60) days from the first day of publication of the notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. Any forfeited property in excess of the Money Judgment will be returned to counsel for the Defendant at an account to be provided by counsel for the Defendant.

12. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or

dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One Saint Andrew's Plaza, New York, New York 10007.

**SPACE INTENTIONALLY**

**LEFT BLANK**

16. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

ILAN T. GRAFF
Attorney for the United States
Acting Under 28 U.S.C. § 515

By: *Samson Enzer*  10/6/2020
Samson Enzer / Negar Tekeei / Daniel Loss   DATE
Assistant United States Attorneys

ROBERT JOSEPH FARKAS
Defendant

By: *[signature]*  10/6/2020
ROBERT JOSEPH FARKAS  DATE

By: *[signature]*  10/6/2020
Paul Petruzzi / Sanford Talkin / Brian Klein  DATE
*Attorneys for Robert J. Farkas*

SO ORDERED:

December 24, 2020
DATE

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

7