

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 5, 2021

**BY ECF AND EMAIL**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  *United States* v. *Sohrab Sharma,* 18 Cr. 340 (LGS)

Dear Judge Schofield:

The Government and counsel for defendant Sohrab Sharma respectfully submit this letter in response to the Court's February 2, 2021 Order (Dkt. 442) directing the parties to inform the Court regarding whether they consent to the Court conducting the February 11, 2021 sentencing proceeding via videoconference or teleconference.  As conveyed in defendant Sohrab Sharma's February 4, 2021 letter (Dkt. 446), the Government and defendant Sohrab Sharma consent to the Court conducting the sentencing proceeding via videoconference or teleconference.

Pursuant to Section 15002 *et seq.* of the Coronavirus Aid, Relief, and Economic Securities Act ("CARES Act"), sentencing proceedings may proceed by video teleconference, or telephone conference if video teleconferencing is not reasonably available, with the consent of the defendant and a finding by the district court judge that there are specific reasons that further delay of the proceeding will result in serious harm to the interests of justice.  *See* H.R. 748, Section 15002 et seq., P.L. 116-136, signed into law on March 27, 2020 (noting that if "the district judge in a particular case finds for specific reasons that the . . . sentencing in that case cannot be further delayed without serious harm to the interests of justice, the plea . . . may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available"); *see also* Southern District of New York Third Amended Standing Order, 20 MC 176, December 18, 2020.

The parties jointly agree and respectfully submit that victims' interests in proceedings free from unreasonable delay, in achieving finality as to the overall resolution of defendant Sharma's case, and in advancing the expected resolution at defendant Sharma's sentencing of pending issues that will determine when a final order of forfeiture can be entered in Sharma's case and the scope of such an order (which is a necessary prerequisite for allowing the Government to begin the process of forfeiture and remission of fraud proceeds to compensate victims), are all "specific reasons" within the meaning of Section 15002 et seq. of the CARES Act, sufficient to proceed with a video teleconference or telephone conference for Sharma's sentencing proceeding.  As this case has been pending for nearly three years, the victims here have a substantial interest in seeing it resolved and proceeding toward the point at which they may begin to receive compensation for their losses.

Therefore, the parties agree that the sentencing proceeding in this case cannot be further delayed without serious harm to the interests of justice and should proceed remotely.

          Respectfully submitted,

          ILAN T. GRAFF
          Attorney for the United States
          Acting Under 28 U.S.C. § 515

By:   /s/
          Negar Tekeei / Samson Enzer / Daniel Loss
          Assistant United States Attorneys
          (212) 637-2482 / -2342 / -6527

cc:  All counsel (via ECF)